## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRAIG SCHWARTZENBERG, | § § § | CIVIL ACTION |
| PLAINTIFF, | § § | CASE NO. **16-1822** |
| VERSUS | § § | SECTION |
| GAYLE BENSON, ANGELA HILL, MICHELLE MILLER, JUDTIH CRAFT CHAMPAGNE, ANDERSON HAYS COOPER, PATRICK SEAN PAYTON, ROBIN RENE ROBERTS, RONALD NABONNE, SALLY-ANN ROBERTS, | § § § § § § § § | **SECT. A MAG. 2**  COMPLAINT |
| DEFENDANTS. | § § | |

## COMPLAINT

Plaintiff and Victim Craig Payton Schwartzenberg (hereinafter sometimes referred to as "Plaintiff" and "Victim"), and on the federal questions involved, herein allege, state, and provide:

## I.  JURISDICTION

1.  The United States District Court for the Eastern District of Louisiana has proper jurisdiction over this cause of action pursuant to, however not limited to, 28 U.S. Code § 1332.

2.  The United States District Court for the Eastern District of Louisiana has proper jurisdiction over this cause of action, pursuant to, however, not limited to, 18 U.S. Code § 875, 18 U.S. Code § 1029, 18 U.S. Code § 1030, 18 U.S. Code § 1343, 18 U.S. Code § 2701, 18 U.S. Code § 2261, and 47 U.S. Code § 223.

## II.  INTRODUCTION

3.  Plaintiff is filing this complaint based on the willful violations of federal law.

_ Fee_Paupr_
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

4. Plaintiff is filing this complaint because the Parties identified in paragraphs 7 8 9 10 11 12 13 14 15 16 have tortured Victim, caused him physical pain, lied to him, mislead him, and as a result of the lies Defendants told Victim, he has excruciating pain and suffering.

5. As a result of Defendants misleading and lying to Victim, he lost everything he owned.

6. This complaint is timely pursuant to, however not limited to, United States Codes listed in ¶ ¶ 1 2.

### III.    PARTIES

**PLAINTIFF**

7. Craig Schwartzenberg, last known address is 200 Jewel Street, Apartment A, New Orleans, Louisiana, 70124, a resident of Orleans Parish, State of Louisiana, who is homeless, because of the Defendants are greedy and selfish. As a result of their greed, they committed criminal and civil violations against Plaintiff. As such, the Parties identified in ¶ ¶ 8 9 10 11 12 13 14 15 16 are criminals.

**DEFENDANTS**

8. Gayle Benson ("Benson"), 16 Audubon Place, New Orleans, Louisiana.

9. Angela Hill ("Hill"), 3 Poydras Street, New Orleans, Louisiana, a resident Orleans Parish and the State of Louisiana.

10. Michelle Miller ("Miller"), 34 Washington Park, Maplewood, New Jersey, a resident of the State of New Jersey.

11. Judith Craft Champagne ("Champagne"), a resident of Slidell, Louisiana.

12. Anderson Hays Cooper ("Cooper"), a resident of the State of New York.

13. Patrick Sean Payton ("Payton"), 6048 Perrier St 2C, New Orleans, Louisiana, a resident of the State of Louisiana.

14. Robin Rene Roberts ("Roberts I"), a resident of the State of New York.

15. Ronald Nabonne ("Nabonne"), 5831 Kensington Blvd., New Orleans, Louisiana, a resident of Orleans Parish and the State of Louisiana.

16. Sally-Ann Roberts ("Roberts II"), 5831 Kensington Blvd., New Orleans, Louisiana, a resident of Orleans Parish and the State of Louisiana.

IV.   **FACTS**

17. The United States District Court for the Eastern District of Louisiana is aware of the criminal and civil acts the Defendants have committed against Plaintiff.

18. The United States government is aware of the criminal and civil acts the Defendants have committed against Plaintiff.

19. Plaintiff filed a sealed attorney disciplinary ("sealed document") complaint against former United States Attorney James "Jim" Letten ("Letten").

20. The information in the sealed document was leaked to Defendants.

21. After the information was leaked to Defendants, they started to harass and torture Plaintiff.

22. The Court leaked information contained in the sealed attorney disciplinary complaint Plaintiff against Letten.

23. Benson and Hill engaged in criminal activity that involved illegally entering the former residence of Victim and harassing Victim over a period years.

24. Payton was part of criminal activity that involved obtaining a telecommunications device for the sole purpose of harassing Victim.

3

25. On Tuesday, March 17, 2015, Miller telephoned Victim at or around 12:00 P.M., and asked if he wanted to go to lunch.

26. Victim went to lunch with Miller on Tuesday, March 17, 2015.

27. Victim told Miller he did not have his wallet so Miller because Victim wanted Miller to pay for lunch so he would have a date and time to correspond with the hidden camera he setup prior to Miller picking up Victim and taking him to lunch.

28. While Victim and Miller were at lunch, individuals illegally entered Victim's former residence and tampered with electronic equipment.

29. Hill had an individual tell Victim that "Letten and/or the people around him want to murder you."

30. On May 10, 2015, Hill sent Victim a text message and asked if he would be able to meet Hill at the Omni Royal for dinner.

31. Victim met Hill for dinner on May 10, 2015, at the Rib Room, Omni Royal Orleans, 621 Saint Louis Street, New Orleans, Louisiana.

32. Victim specifically told Hill he thought Letten wanted to hurt him.

33. Hill looked at Victim with a malicious smile on her face.

34. Victim specifically told Hill someone illegally entered his former residence on Tuesday, March 17, 2015, when he went to lunch with Miller.

35. In response to ¶ 34, Hill responded and said, "I know."

36. Victim said to Hill, someone installed a keyboard logger on my computer and has been stalking me. I believe it started in December of 2011; however, I can only prove it started in March of 2012.

37. In response to ¶ 36, Hill responded and said, "I know."

4

38. Victim told Hill individuals illegally entered a lecture Victim annually gave with his doctor at Louisiana State University, School of Medicine, Hill responded, "I know."

39. In response to ¶ 38, the only way Hill would have been able to obtain this information is if she had access to his e-mail.

40. Victim telephoned Hill from a pay phone, located at 1101 Veterans Blvd., and told Hill he was afraid because he believed, based on information Hill was sending him via text messages and what he was told, Letten wanted to murder or hurt him. Hill responded, "I am very sorry all of this is happening to you."

41. Hill encouraged Victim, via text messages, to throw everything he owned in the garbage. Specifically, Hill sent Plaintiff text messages, "Just keep moving forward," "Start fresh," "Keep moving forward."

42. Hill sent Victim text messages referenced in ¶ 41 after Plaintiff put Hill on notice, after Hill had some tell Plaintiff Letten and/or the people around Letten wanted to murder Victim.

43. Defendants in ¶ ¶ 10 11 12 14 harassed Plaintiff using a telecommunications device after Plaintiff filed a sealed complaint against former United States Attorney, James "Jim" Letten.

44. Defendants in ¶ ¶ 8 9 13 violated 18 U.S. Code § 1030.

45. Defendants in ¶ ¶ 8 9 13 violated 18 U.S. Code § 875.

46. Defendants in ¶ ¶ 8 9 13 violated 18 U.S. Code § 1029.

47. Defendants in ¶ ¶ 8 9 13 violated 18 U.S. Code § 1343.

48. Defendants in ¶ ¶ 8 9 13 violated 18 U.S. Code § 2261.

49. By engaging in a conspiracy to illegally enter the former residence of Plaintiff, Defendants in ¶ ¶ 8 9 10 violated LA REV. STAT. § 14:63.

50. By engaging in a conspiracy to harass and illegally enter the former residence of Plaintiff, Defendants in ¶ ¶ 8 9 10 violated LA REV STAT § 14:26.

51. Defendants in ¶ ¶ 15 16 attempted to cover-up the illegal behavior of Defendants listed in ¶ ¶ 8 9 10 11 12 13 14.

## CLAIM I

52. Plaintiff hereby adopts, incorporates, and alleges all of the facts stated in paragraphs 1 through 51 of his complaint.

53. The acts referenced in paragraphs 1 through 51 were intentional and done with actual or implied malice, or, in the alternative, negligently.

54. The statements referenced in paragraphs 1 through 51 are statements of fact, not opinion and Defendants engaged in dishonest, unethical, unconstitutional, and illegal conduct.

55. Because of the dishonest, unethical, unconstitutional, and illegal conduct, stated in paragraphs 1 through 51, Plaintiff lost everything he owned.

## V.      RELIEF REQUESTED

**WHEREFORE,** the undersigned Plaintiff request this Court enter an Order:

A. Forward complaint to the United States Attorney for the Eastern District of Louisiana for criminal prosecution;

B. Award Plaintiff, including but not limited to, damages, reasonable costs, and expenses of this action;

C. Grant such other and further relief as this Honorable Court deems   equitable   and

just under the circumstances.

Date:  Thursday, March 03, 2016                    Respectfully submitted,

Craig Schwartzenberg, *Plaintiff*
200 Jewel St., Apt A
New Orleans, LA 70124
(646) 659-9366 tel.

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws

of the United States, and by the provisions of 28 USC § 1746, that the above and foregoing

representations are true and correct to the best of his knowledge, information, and belief.

Executed at New Orleans, Louisiana, this 3rd day of March, 2016.

Craig Schwartzenberg, Plaintiff
200 Jewel St., Apt A
New Orleans, LA 70124
(646) 659-9366 tel.

7



**UNITED STATES DISTRICT COURT**

Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Sarah S. Vance
Chief Judge

September 2, 2014

Re:     Response to Letters Dated July 7, 2014 and August 5, 2014

Dear

The Court has received the correspondence you sent on July 7, 2014 and August 5, 2014. If it is your intention to make a complaint about misconduct of any attorney, you must follow the procedure established by the Louisiana Supreme Court or this Court for the consideration of lawyer discipline. These procedures require documented complaints of specified misconduct and notice to the attorneys of the complaints filed against them. This court's disciplinary rules are posted on our website.

Sincerely,

*Sarah Vance*

Sarah Vance



NEW ORLEANS LA 700

05 SEP 2014 PM 1 L

Liberty

FOREVER

7012 2456 1 58

UNITED STATES DISTRICT COURT
CHAMBERS OF
SARAH S. VANCE
CHIEF JUDGE
500 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130